UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY FINLEY #266147,

        Plaintiff,

v.

ERICA HUSS, et al.,

        Defendants.

_____/

Case No. 2:18-CV-100

HON. GORDON J. QUIST

### ORDER ADOPTING REPORT AND RECOMMENDATION

      This is a civil rights action brought by state prisoner, Timothy Finley, pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Maarten Vermaat issued a thorough 46-page Report and Recommendation (R & R), recommending that the Court grant Defendants' motion for summary judgment and grant in part and deny in part Finley's motion to unseal. (ECF No. 100.) Finley has filed objections. (ECF No. 104.) Defendants have responded. (ECF No. 105.) Both parties filed supplemental briefs (ECF Nos. 110 and 111.)

      Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Finley alleges that Defendants violated his rights by placing him in administrative segregation instead of transferring him to a mental health unit. Specifically, he alleges that Defendants (1) were deliberately indifferent to his serious medical issues and subjected him to cruel and unusual conditions of confinement, in violation of the Eighth Amendment; (2) violated his rights to due process under the Fourteenth Amendment during the hearings that resulted in his placement in administrative segregation; and (3) denied him services offered by the prison, in violation of the Americans With Disabilities Act (ADA) and the Rehabilitation Act (RA). In the R & R, the magistrate judge summarized his recommendations as follows:

> The undersigned is aware of the difficulties prison officials face when deciding how to manage a mentally ill prisoner who is engaging in self-harm while also failing to follow prison rules. Nevertheless, as an initial matter, the undersigned concludes that there are genuine issues of fact as to Finley's Eighth Amendment claim. Finley's well-documented history of mental illness and self-mutilation triggers a genuine issue as the objective component of these Eighth Amendment claims; and Defendants' decisions to classify Finley into administrative segregation despite Finley's history is sufficient to create a genuine issue as to the subjective component. The undersigned concludes, however, that there are no genuine issues of fact as to Finley's Fourteenth Amendment claim or his ADA and RA disability discrimination claims. Based on the undisputed evidence, no liberty interest is implicated to establish a cognizable Fourteenth Amendment claim. Furthermore, the record before the Court indicates that Finley did receive due process regarding his SCC hearings, at least as to the September 27, 2016 hearing. But, regardless of these conclusions, the undersigned finds that Defendants' decisions with regard to handling a mentally ill prisoner who has also violated prison rules on numerous occasions are protected by the doctrine of qualified immunity. Finley's constitutional claims are barred because there is no controlling authority nor sufficiently robust agreement amongst persuasive authorities that would inform reasonable prison officials that classifying a mentally ill prisoner into administrative segregation is unconstitutional.

(ECF No. 100 at PageID.1590.)

In his objections, Finley argues that the magistrate judge erred in recommending that Defendants are entitled to qualified immunity because no reasonable prison official would think it constitutionally permissible to put a mentally ill prisoner in administrative segregation that is likely

to cause him psychiatric harm. The magistrate judge correctly framed the issue: "whether, at the time of the Defendants' conduct, it was clearly established that a mentally ill prisoner had a right to not be placed into administrative segregation." (*Id.* at PageID.1627.) In his summary judgment response, Finley argued that the law was clearly established based on (1) specific United States Supreme Court precedents establish the required settled law; (2) specific Sixth Circuit precedents establish the required settled law; (3) a consensus of persuasive authorities establishes the required settled law; and (4) the MDOC policies gave fair warning to a reasonable person about the unconstitutional nature of Defendants' conduct. The magistrate judge rejected each of Finley's arguments. Despite Finley's arguments to the contrary, neither the United States Supreme Court nor the Sixth Circuit have specifically addressed whether placing a mentally ill person in administrative segregation and holding him there amounts to an Eighth Amendment violation. Moreover, the cases from other circuits are not directly on point, and the MDOC regulations do not alter the magistrate judge's analysis.

Finley also cites two recent Supreme Court decisions in his supplemental brief—*Taylor v. Riojas*, __ U.S. __, 141 S. Ct. 52 (2020) (per curiam), and *McCoy v. Alamu*, 141 S. Ct. 1364 (2021). Finley contends that *Taylor* and *McCoy* highlighted the vitality of the "obvious violation" doctrine. The Sixth Circuit has stated that these cases stand for the proposition that "when the conduct of a government official is so egregious that a constitutional violation is apparent, the Supreme Court does not require that a case be 'directly on point' to satisfy the 'clearly established' prong of the qualified-immunity analysis." *Burnett v. Griffith*, 33 F.4th 907, 914 (6th Cir. 2022). Both *Taylor* and *McCoy* involved particularly egregious facts. In *Taylor*, an inmate was forced to endure six days in two different feces-covered cells without clothing or a bed. 141 S. Ct. at 53. In *McCoy*, a corrections officer sprayed an inmate with pepper spray without provocation. *See McCoy v.*

*Alamu*, 950 F.3d 226, 231 (5th Cir. 2020), vacated by, 141 S. Ct. 1364 (2021). Unlike the circumstances in *Taylor* and *McCoy*, some individuals in the instant case believed that placing Finley in segregation was the best place for him because it could help prevent Finley from obtaining razor blades and cutting himself. The instant case does not fall within the so-called "obvious violation" doctrine.

The Court notes that this is not an easy case. Finley has serious mental issues, which includes a history of cutting himself with razor blades and swallowing the blades. Finley also cannot be housed in general population and has been convicted of hundreds of misconducts. As the magistrate judge determined, "there is ample evidence in the record as to why Defendant would have believed their conduct to be justified." (ECF No. 100 at PageID.1629.) The Court agrees with the magistrate judge that Finley has not shown that it was clearly established, under these circumstances, that mentally ill prisoner had a right to not be placed into administrative segregation.

Finley next argues that the magistrate judge erred in his analysis of the procedural due process claim. Finley argues that he had a liberty interest because his prolonged administrative segregation was an atypical and significant hardship. Finley further argues that the magistrate judge erred by conflating the disciplinary and SCC hearings for purposes of due process analysis and that the hearings and periodic reviews were a "sham." Having reviewed the record, the Court agrees that Defendants are entitled to qualified immunity on this claim. The magistrate judge correctly determined that there are no genuine issues of fact regarding the meaningfulness of the periodic reviews. In *Selby v. Caruso*, 734 F.3d 554, 560 (6th Cir. 2013), the Sixth Circuit found that the plaintiff "may be able to show that a reasonable prison official should have known that he

4

could not be confined in administrative segregation for pretextual reasons." There is no such pretextual reason in the instant case.

Finley argues that the magistrate judge erred by determining that the evidence did not create a genuine dispute as to whether defendants discriminated against him for purposes of liability under the ADA and RA. Finley contends that he has was placed in administrative segregation because of his mental disability. The record, however, reflects that Finley was placed in segregation because of his possession of contraband.

Finley finally argues that the magistrate judge erred by recommending that the Court unseal only one photograph in Exhibit 18. Exhibit 18 contains various pictures of Marquette Branch Prison. Finley alleges that the magistrate judge failed to consider the presumptively public nature of court proceedings and lacked justification for sealing the photographs of Marquette Branch Prison. Having reviewed the affidavit of Inspector Jerry Hoult (ECF No. 98-2) and the Expert Report of Dan Pacholke (ECF No. 88-3), the Court discerns no basis to reverse the magistrate judge's ruling. "Each of the first 18 photographs depicts some perspective of prison layout, cell size and location relative to other parts of the prison, locking mechanisms, or locations of windows and doors." (ECF No. 100 at PageID.1631.) This undoubtably raises security concerns for the MDOC. (*Id.* at PageID.1631 citing *Napier v. Cnty. of Washtenaw*, 2013 WL 1395870 (E.D. Mich. Apr. 5, 2013).) The Court agrees that the security concerns is sufficient reason to prevent public access to the first 18 photographs of Exhibit 18.

**Accordingly, IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 100) is **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that, for the reasons set forth in the R & R, Defendants' motion for summary judgment (ECF No. 83) is **GRANTED** and Finley's motion to unseal (ECF

No. 93) is **GRANTED IN PART** and **DENIED IN PART**.  The final photograph in Exhibit 18 (ECF No. 90 at PageID.915) shall be **UNSEALED**

    **IT IS FURTHER ORDERED** that Finley's claims are **dismissed with prejudice**.

    This case is **concluded**.

    A separate judgment will enter.

Dated: December 30, 2022                      /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE